FLETCHER *et al. v.* BOOTH.

Under the undisputed evidence contained in the record, the judge of the superior court, upon the hearing of the certiorari brought to review a judgment of the ordinary sitting as a habeas-corpus court, properly sustained the certiorari and rendered final judgment directing the ordinary to enter judgment awarding the custody of an infant child to the petitioner.

JULY 3, 1915.

Habeas corpus. Before Judge Thomas. Tift superior court. July 11, 1914.

On the 19th day of October, 1912, there came on to be tried, before the ordinary of Tift county, the case of M. O. Booth against G. W. Fletcher and Mrs. G. W. Fletcher, the same being a petition for habeas corpus, brought to recover the possession of one Jessie Fletcher, a child about ten years of age. Upon the hearing the ordinary granted an order awarding the custody of the child to the defendants. The plaintiff presented to the judge of the superior court his petition for a writ of certiorari, which was sanctioned; and when it came on for hearing the judge passed the following order: "This matter having been submitted to me in open court at the December term, 1912, upon consideration it is very evident that the honorable ordinary committed error in failing, under the testimony, to award the custody of the child to the plaintiff in the case. It would be reversible error in me now to hold otherwise. Accordingly it is ordered that a new trial be granted in the case; and that the matter be sent back to the ordinary with instructions." On the 15th day of November, 1913, the petition for habeas corpus came on to be heard before the ordinary, who, after hearing the evidence on both sides, passed an order in which the custody of the child was again awarded to the defendants. The plaintiff again sued out a writ of certiorari to have reviewed this latter judgment. On the 11th day of July, 1914, after hearing the petition for certiorari, the court passed an order sustaining the petition, and further adjudging that the custody of the child be awarded to the petitioner, and making final disposition of the cause by ordering that the ordinary enter up judgment awarding the custody of the child to the petitioner, without further hearing. To this order the defendants excepted.

*J. S. Ridgdill* and *Fulwood & Skeen,* for plaintiffs in error.
*R. Eve* and *R. D. Smith,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court, under the evidence in the case, was authorized to enter the judgment complained of. The undisputed evidence shows that the mother of the child in question was a widow at the time when the illness which resulted in her death came upon her. A few days before her death, and during her last sickness, she said to the petitioner that she wanted him to take the child back

home with him, that he had been like a father to her, that she knew she (the mother) was going to die, and she wanted petitioner to take the child and rear her like one of his own children. And petitioner, who was the brother of this mother of the infant child, agreed to the proposition then made. He did take the child home with him, and treated her as one of his own children. The mother died shortly after the conversation referred to. Petitioner sent the child to school from January until July, and then allowed her to visit her grandparents, the defendants in the habeas-corpus proceeding; the latter having made a request of petitioner to allow the child to visit them. When the child had been with the grandparents for some time, they refused to allow her to return to petitioner, and insisted that they had the right to keep her.

It appears from the evidence that Mr. Booth and his wife, as well as Mr. Fletcher and his wife, are anxious to have the child in their family. The uncontroverted evidence shows that there is no question as to the fitness of either Booth or Fletcher to have the custody of this child. They are both amply able to take care of her, rear her properly, and to send her to school. In either home the child would be under good influences and well provided for. It is not, therefore, a question of taking the child from the home of one in whose custody the dying mother, the sole surviving parent, left her, and giving the custody to one better prepared to properly rear and educate the child, and thereby enhance the child's welfare. And it would seem that any other order that might have been passed in this case would have been contrary to law and evidence. The mother had the right—the father being dead—to give the possession of this child of tender years to the brother, that he might rear and educate her. The brother had accepted the request and offer of the sister, and had complied faithfully with his obligation. Under such circumstances it would have been a clear miscarriage of justice for a court to have awarded the custody of the child to the grandparents.

*Judgment affirmed. All the Justices concur.*