## 27721. JACKSON v. JACKSON.

HAWES, Justice. The sole question on this appeal is whether the trial court abused the discretion vested in it by awarding custody of the minor child of the parties to this divorce proceeding to the father rather than to the mother, the appellant. In a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to

custody. *Hill v. Rivers,* 200 Ga. 354, 363 (37 SE2d 386); *Knox v. Knox,* 226 Ga. 619 (2) (176 SE2d 712). Where in such a case the trial judge has exercised his discretion, this court will not interfere unless the evidence shows a clear abuse thereof. Code Ann. § 30-127. *Adams v. Adams,* 206 Ga. 881 (2) (59 SE2d 366). In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the father. *Kelly v. Kelly,* 146 Ga. 362 (91 SE 120); *Atkinson v. Atkinson,* 160 Ga. 480 (1) (128 SE 765). Applying the foregoing principles to the facts of this case, it is sufficient to say that we have carefully reviewed the evidence adduced upon the trial on the issue relating to the custody of the child, and it supports the decree awarding custody to the father. It follows that the trial judge did not abuse his discretion in rendering the decree complained of.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 25, 1973.

*Shulman, Alembik & Rosenbluth, Jerrell P. Rosenbluth, David D. Blum,* for appellant.

*Tisinger & Tisinger, David H. Tisinger,* for appellee.