## 48923. BEAVERS v. DURLEY.

PANNELL, Judge.

This is an appeal from an order of the Juvenile Court of Bibb County, Georgia, awarding permanent custody of the minor children to their father, the appellee, with visitation rights to appellant.

Following a second divorce from appellee in December, 1970, appellant obtained custody of her three minor children. She then married one Raymond A. Beavers in September 1972, after having cohabited with him for some time. In November 1972, a Mrs. Whitten, appellant's aunt, went to an elementary school to check on a beating allegedly administered by Beavers to appellant's eldest child, a nine-year-old boy. An examination of the boy's buttocks revealed multiple bruises. The school principal also reported that the boy came to school in a dirty and disheveled condition, tattered clothes and without shoes or a coat in cold weather. He appeared thin and was quite aggressive in school. At the suggestion of the school principal, Mrs. Whitten reported this to the Department of Family and Children Services. An employee of that department picked the boy up at school and took him to Mrs. Whitten's house. A few days later, after consultations with appellant and her husband, the other children, a boy of six and a girl of four, were also taken to Mrs. Whitten for temporary custody. That evening Beavers allegedly went to another aunt's house, where appellant was

visiting and threatened to burn Mrs. Whitten's house down unless appellant returned to their apartment and resumed her matrimonial duties. She returned and during that period she allegedly took hallucinogenic drugs on one occasion, which were furnished by Beavers. Fearing a "flashback" from the drugs and endeavoring to meet certain guidelines to regain custody of her children in the future, appellant entered into an agreement giving Mrs. Whitten custody of the children. The appearance in dress, weight and conduct of the boy noticeably improved during the period of this custody. Appellant subsequently again separated from Beavers and, upon the death of her mother, requested return of the children, which was done in May 1973, with an assurance she would divorce Beavers. Later appellant was contacted at her job as a carhop by Beavers, who wanted to effect a reconciliation. After visits with the children and assurance by Beavers that he would not discipline appellant's children, appellant with her children returned to him. Early in the evening of June 27, 1973, appellant returned home from work and found the younger children in bed. She noted her younger son's head was swollen and was advised that he had fallen. The following day his eyes were badly swollen. The young daughter's eyes were red and she said that she had put her finger in them. The day after the discovery of the injuries, appellant took her six-year-old son to a hospital's emergency room. The next day the two children were taken to a doctor for examination. It was found that both children had had alcohol rubbed in their eyes. Additionally, the boy had a badly bruised penis, because Beavers allegedly had placed a clothes pin on it. He also had extensive black bruises on his buttocks from a beating. The four-year-old girl also had large bruises all over her buttocks, hair pulled out of a section of her scalp and an inflamed vagina. The doctor filed a report of child abuse. Appellant filed a criminal complaint and Beavers was arrested.

On September 12, 1973, the Juvenile Court issued its order, supra. On October 12, 1973, appellant filed a notice of appeal and on November 26, 1973, appellant filed an enumeration of errors and brief in support. On or about

January 7, 1974, appellee filed a motion to dismiss the appeal contending: (1) A lack of service of the notice of appeal on the Bibb County Department of Family and Children Services; (2) Improper captioning of the case; and (3) A failure to satisfy Rule 14 (a) of this court by not filing the enumeration of errors within 20 days after the case was docketed. *Held:*

1. Appellant's initial enumeration of error alleges that the trial court erred in ruling the children were "deprived" as that term is defined in Ga. L. 1971, pp. 709, 713 (Code Ann. § 24A-401) and in removing the children from appellant's custody as the evidence was insufficient to support the judgment. We disagree. The evidence amply supports the trial court.

2. Appellant complains that the trial court erred in allowing collaboration between a state agency and appellee in the preparation and trial of the case in that appellee was privy to confidential records and information obtained at the taxpayer's expense, while appellant was denied access to said records and information. While Juvenile Court records are not open to inspection by the public, the statute specifically provides an exception in that, "A child and the parents or legal custodians of the child and their attorneys shall always have the right to inspect and copy any official record pertaining to the child." Ga. L. 1968, pp. 1013, 1033 (Code Ann. § 24-2432 (3)). The transcript below does not support appellant's current allegations and, therefore, the enumerated error cannot be considered by us. We find no error.

3. Appellant's third enumeration alleges error in the inclusion in the record for the purpose of appeal of certain reports which were not in evidence during the trial of the case, the contents of which are unknown to the appellant. Without any consideration of these reports, the evidence is sufficient to support the judgment of the court. The inclusion of these reports in the record, though erroneous, is harmless.

4. Appellee's motion to dismiss raised, inter alia, the fatal failure of the appellant to comply with Rule 14 (a) of this court, citing *Washington v. Thompson,* 120 Ga. App. 653 (171 SE2d 774) (1969), and *Gresham v. State,*

120 Ga. App. 465 (170 SE2d 767) (1969), which required dismissal. On March 2, 1972, that rule was amended and became effective that date. As amended, the rule, id., treats a failure to file timely as being subject to contempt, and provides that a failure to comply with an order of this court directing the filing of the enumeration of errors shall cause the appeal to be dismissed. No failure to comply with an order of this court is present. The remaining grounds urged in support of the motion are considered to lack merit. The motion to dismiss is denied.

*Judgment affirmed. Eberhardt, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED JANUARY 11, 1974 — DECIDED APRIL 2, 1974.

*Billy L. Evans,* for appellant.
*John W. Collier,* for appellee.