### 31150. HARALSON v. MOORE.

NICHOLS, Chief Justice.

This is an appeal from an order changing custody of child from the mother to the father in a habeas corpus action. In a previous appeal in this case, this court remanded to the trial court to enter findings of fact. *Haralson v. Moore,* 236 Ga. 131 (223 SE2d 107) (1976). The trial court entered "findings of fact" and also entered the same order previously appealed from.

The appellant enumerates error on the trial court's finding that there had been a material change of conditions since the divorce decree, inasmuch as there was no finding that the appellant was unfit.

In *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974), this court held: "Changed conditions affecting the welfare of a child occurring after the rendition of a former final custody judgment which will

warrant the issuance of a new judgment by a habeas corpus court effecting a change of custody or visitation rights is essentially a fact issue in each individual case which must be decided by the habeas corpus court. And if there is ' reasonable evidence' in the record to support the decision made by the habeas corpus court in changing custody or visitation rights, then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal."

The habeas court found the appellee to be financially secure, has a good home, has a wife who is a full-time housewife and the family is well adjusted in the community. The court found the appellant to have been emotionally and mentally unstable over a period of some years, had attempted suicide once, had held nine different jobs since the divorce and at present was unemployed. The trial court concluded the welfare of the child would be best served by a stable environment and a more normal home life which the father could offer.

It is not necessary to show that the parent having custody is unfit in order to effect a change in custody. The issue to be decided is how the interest and welfare of the child can be best served.

The evidence was sufficient to support the trial court's findings and there is no merit in the enumerations of error.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 15, 1976 — DECIDED JUNE 30, 1976 —
REHEARING DENIED JULY 14, 1976.

*Custer, Smith & Manning, Lawrence B. Custer,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Steven J. Edelstein, Clifford Oxford,* for appellee.