## 31612. CONROY et al. v. JONES et al.

GUNTER, Justice.

This is a child custody case, the contesting parties being the child's maternal grandparents as plaintiffs-appellees and the child's natural parents as defendants-appellants. The child's natural parents are divorced, but the natural mother agreed that custody of the child be awarded to the natural father, and she testified in this proceeding in favor of the natural father's custody as opposed to custody being granted to the maternal grandparents.

The natural parents were divorced by a judgment of Fulton Superior Court entered August 19, 1974. That judgment awarded custody of the child to the natural father with visitation rights to the natural mother. On August 30, 1974, the maternal grandparents filed a complaint in Fulton Superior Court against the natural parents of the child which contended that they were entitled to custody of the child by virtue of a judgment of the Juvenile Court of Gwinnett County, and their complaint sought to set aside that part of the divorce judgment that had awarded custody to the natural father. On September 1, 1974, the maternal grandparents obtained actual possession of the child from the natural father pursuant to a pick-up order issued by the Juvenile Court of Gwinnett County. The natural parents then filed a counterclaim in the nature of habeas corpus against the maternal grandparents. After several continuances of the case and one judgment that was subsequently vacated by the trial court, a final judgment was entered in the matter on June 18, 1976, awarding custody of the minor child to the maternal grandparents "until he reaches the age of 14 years after which the child may decide to continue with his grandparents or his father." The natural parents have appealed to this court from that judgment.

First, although the trial judge did not rely on and made no mention of the juvenile court judgment rendered in Gwinnett County in rendering his final judgment, it should be pointed out that that judgment, on which the maternal grandparents originally based their claim of custody, was without force and effect. This record

shows that the Juvenile Court of Gwinnett County was without jurisdiction to render such a judgment. Code Ann. § 24A-301(c) provides that in custody matters "the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order by the superior court." This record shows that there was no original action in superior court or transfer from the superior court to the juvenile court. Therefore, the purported juvenile court judgment was without force or effect.

Second, in this case the trial judge did not make a finding, nor is there evidence in the record to support one, that the natural father is an unfit person to have custody of his child or that the natural mother is an unfit person to have visitation rights with her child.

In *White v. Bryan,* 236 Ga. 349 (223 SE2d 710) (1976), this court said: "A parent may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit. [Cits.]" Also see *Childs v. Childs,* 237 Ga. 177 (227 SE2d 49) (1976).

Since there is no factual finding of unfitness in this case of either of the natural parents of the child, the judgment below must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 14, 1977.

*Thomas A. Travis, Jr.,* for appellants.

*Sutherland, Asbill & Brennan, John A. Chandler,* for appellees.