33050, 33051. GAZAWAY et al. v. BRACKETT et al. (two cases).

HILL, Justice.

This litigation involves the mother's rights to visitation with her minor child, custody of whom was awarded to the child's paternal grandparents in 1974, in the divorce action between the parents. That 1974 custody order granted the mother visitation with her daughter, then age three, only in the grandparents' home. On May 18, 1977, the child's mother filed a motion in the divorce action seeking modification of her visitation rights so as to allow her visitation with her daughter, by then age six, outside the grandparents' home. Also on May 18, 1977, the grandparents filed a new action seeking to terminate the mother's visitation rights. These two matters were consolidated for hearing before the trial court.

At the hearing, counsel for the grandparents stated that they would not present any evidence on the mother's

present unfitness in support of their petition to terminate her visitation rights. The trial court thereupon granted the mother's motion to dismiss the grandparents' petition. The grandparents appeal (Case no. 33051), arguing that since their petition was brought pursuant to Code Ann. § 74-107 which allows change of visitation without a showing of change of condition, the appropriate consideration was the best interests of the child. As will be seen below, we treat a petition by grandparents having custody of a child to terminate a parent's visitation not as a mere change in visitation but like a petition to deprive that parent of custody of his or her child.

After the hearing, the trial court granted the mother's motion to increase her visitation rights. The grandparents appeal the modification on two grounds (Case no. 33050). First, they argue that the mother's motion for modification should have been brought as a separate action. Next, the grandparents argue that the mother's motion should have been denied because the weight of the evidence showed that the visitation sought was not in the child's best interests or welfare.

In a divorce action in which child custody is an issue, the test for use by the trial court in determining which parent shall have child custody is "the best interests of the child." *Anderson v. Anderson,* 240 Ga. 795 (1978); *Jackson v. Jackson,* 230 Ga. 499 (197 SE2d 705) (1973); Code Ann. § 74-107. On appeal in such a case, this court will not reverse the trial judge on the ground of abuse of discretion if there is "any evidence" to support the child custody award. *Jackson v. Jackson,* supra; *Anderson v. Anderson,* supra; Code Ann. § 30-127.

Once a permanent child custody award has been entered, the test for use by the trial court in change of child custody suits is whether there has been a "change of conditions affecting the welfare of the child." *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974); *Haralson v. Moore,* 237 Ga. 257 (227 SE2d 247) (1976). On appeal in such a case, this court will not reverse if there is any "reasonable evidence" to support the change in custody. *Hawkins v. Hawkins,* 240 Ga. 30 (239 SE2d 358) (1977); *Robinson v. Ashmore,* supra.

Moreover, although a change in visitation is a form of

change in child custody, visitation can be changed today by the trial judge "without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor." Ga. L. 1976, p. 1050; Code §§ 30-127, 50-121, 74-107; *Sampson v. Sampson,* 240 Ga. 118 (239 SE2d 519) (1977); *Warren v. Warren,* 238 Ga. 532 (233 SE2d 785) (1977). On appeal, an increase or decrease in visitation will be affirmed unless it is shown that the trial court abused its discretion. *Edwards v. Edwards,* 237 Ga. 779 (229 SE2d 632) (1976); *Warren v. Warren,* supra; *Nipper v. Rich,* 241 Ga. 123 (1978).

However, where a third party (e.g., a grandparent) is being awarded custody of a child as part of a divorce case, or where such a third party sues to obtain child custody from a parent, the test is not simply the "best interests" or "welfare" of the child because the parents are being deprived of custody of their child. In such cases, a parent is entitled to be awarded custody by the trial court unless it is shown by clear and convincing evidence that such parent is unfit or otherwise not entitled to custody under the laws. *Childs v. Childs,* 237 Ga. 177 (227 SE2d 49) (1976); *Conroy v. Jones,* 238 Ga. 321 (232 SE2d 917) (1977); *Drummond v. Fulton County Dept. of Family &c. Services,* 237 Ga. 449, 451 (228 SE2d 839) (1976). On appeal an award of child custody to a third person based on the parent's unfitness will be affirmed if supported by reasonable evidence. *White v. Bryan,* 236 Ga. 349 (223 SE2d 710) (1976).

Where a third party has been awarded permanent custody of a child, a parent may obtain custody as in *Robinson v. Ashmore,* supra, by showing a change of conditions affecting the welfare of the child, but such a parent may obtain increased visitation without the necessity of showing such change of conditions. *Warren v. Warren,* supra; *Sampson v. Sampson,* supra; Ga. L. 1976, p. 1050. In the latter situation, the trial judge's decision to increase the visitation rights of the parent will not be reversed on appeal unless an abuse of discretion is shown.

Applying the foregoing principles to this case we find no error in the denial of the grandparents' petition to terminate visitation without proof of unfitness (see *Childs v. Childs,* supra); we find no error in allowing the mother

to seek an increase of visitation by motion (*Sampson v. Sampson,* supra), and we find no abuse of discretion in the trial judge's allowing the mother an increase in visitation.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1978 — DECIDED APRIL 4, 1978.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellants.

*Jones & Clark, Thomas H. Knuth,* for appellees.

*Judgment affirmed. All the Justices concur.*