## 33936. HIGBEE v. TUCK.

MARSHALL, Justice.

The appellant natural father appeals from the denial of his petition for a writ of habeas corpus, by which he had sought to obtain the custody of his three minor children, who had been in the custody of the appellee maternal grandmother since and by reason of the court's September 23, 1976, order in the father's previous habeas corpus action against the grandmother and others. Finding no reversible error, we affirm.

1. In the order appealed from, the trial court found that "the court's award of custody to the maternal grandmother as a result of the habeas corpus hearing on July 13, 1976, was the first permanent award of custody of the children."

"In a divorce action in which child custody is an issue, the test for use by the trial court in determining which

*parent* shall have child custody is 'the best interests of the child.' *Anderson v. Anderson,* 240 Ga. 795 [242 SE2d 593] (1978); *Jackson v. Jackson,* 230 Ga. 499 (197 SE2d 705) (1973); Code Ann. § 74-107 . . . However, where a third party (e.g., a grandparent) is being awarded custody of a child as part of a divorce case, or where such a third party sues to obtain child custody from a parent, the test is not simply the 'best interests' or 'welfare' of the child because the parents are being deprived of custody of their child. In such cases, a parent is entitled to be awarded custody by the trial court unless it is shown by clear and convincing evidence that such parent is unfit or otherwise not entitled to custody under the laws. *Childs v. Childs,* 237 Ga. 177 (227 SE2d 49) (1976); *Conroy v. Jones,* 238 Ga. 321 (232 SE2d 917) (1977); *Drummond v. Fulton County Dept. of Family &c. Services,* 237 Ga. 449, 451 (228 SE2d 839) (1976)." (Emphasis supplied.) *Gazaway v. Brackett,* 241 Ga. 127, 128, 129 (244 SE2d 238) (1978).

In the previous habeas corpus order, the trial judge apparently based his award of custody to the grandmother on "the best interest and welfare of the children," although he made no express finding that both parents had lost the right to custody by means of the existence of one or more of the conditions specified in Code §§ 74-108, 74-109, or 74-110, or were unfit. See *Conroy v. Jones,* 238 Ga. 321, supra, p. 322 and cits. Whether or not the previous award of custody was authorized by the evidence, however, it was not appealed, hence was res judicata as to custody in the maternal grandmother at the time of the bringing of the present habeas corpus action.

2. "Where a third party has been awarded permanent custody of a child, a parent may obtain custody as in *Robinson v. Ashmore,* [232 Ga. 498 (207 SE2d 484) (1974)] . . . by showing a change of conditions affecting the welfare of the child. . ." *Gazaway v. Brackett,* 241 Ga. 127, supra, p. 129. As was found by the trial court, the primary change of condition demonstrated by the appellant is that he has married his present wife with whom he had been living for some time previously. The appellant enumerates as error the trial court's consideration of the evidence adduced at the previous habeas corpus hearing, citing the cases of *Fryer v. Stynchcombe,* 228 Ga. 576 (186

SE2d 885) (1972); *Altman v. Fla.-Ga. Tractor Co.,* 217 Ga. 292 (3)(122 SE2d 88) (1961); *Carten v. Loveless,* 192 Ga. 715 (1) (16 SE2d 711) (1941); *Akins v. Beaver,* 98 Ga. App. 472 (106 SE2d 91) (1958). In the present case, unlike any of the cases cited above, it is essential to consider the previous order and findings of fact in order to determine whether there has been a *change* of conditions, etc. Furthermore, the trial court did not rely directly or exclusively on the evidence of conditions adduced on the former hearing, but found that the testimony in the two hearings was very similar, that the hearings were held within a year of each other, that the testimony in the two hearings was therefore inextricably intertwined, and that the primary changed condition was not one which would affect the children's welfare favorably. Consideration of the former order under these circumstances was not error.

3. Our review of the evidence of conditions affecting the welfare of the children satisfies us that the award continuing their custody in their maternal grandmother was authorized by reasonable evidence, hence is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 18, 1978 — DECIDED OCTOBER 17, 1978.

*Dupree & Staples, Hylton B. Dupree, Jr., Barry Staples,* for appellant.

*Glyndon C. Pruitt,* for appellee.

