### 61231. NEAL v. WASHINGTON.

McMURRAY, Presiding Judge.

Pursuant to an ex parte order, the natural mother of a minor child, 11 years of age, was ordered by the Juvenile Court of Richmond County (the superior court judge serving as juvenile court judge) to turn the child over to the custody of the natural father based upon a final decree of divorce of a New York court which allegedly granted custody to said father. Because of the "emergency condition existing," the court stated that it had waived the requirement of an exemplified copy of the decree of the New York court.

In a final order the juvenile court stated that it conferred with counsel for both parties and found certain facts to be undisputed as to their marriage, the birth of the child, the granting of a final decree of divorce in New York, and that the father was granted custody of said minor child. The minor child had been living with the natural father

for the past 3 years, but when the minor child was visiting his father's sister in South Carolina the mother had obtained the child and brought the child back to Augusta, Georgia, and refused to turn the child back over to its father. The court then stated that it was declining to take jurisdiction over a petition for change of custody filed by the mother and ordered the child to be turned over to the custody of the father. From this order the mother appealed.

It is noted here that no petition has been filed in the juvenile court whatsoever as the clerk was ordered to file the entire record on appeal and no such authority for the juvenile court to take jurisdiction of the child has been shown. *Held:*

1. At first blush this would appear to be a case requiring the grant of a right to appeal in certain specified cases set forth in Code Ann. § 6-701.1 (Ga. L. 1979, pp. 619, 620). The right of appeal would be discretionary if it were a case filed under the "Uniform Child Custody Jurisdiction Act" (Ga. L. 1978, pp. 258, et seq.). The limited facts presented to this court do not permit us to determine whether the juvenile court's order was authorized under the provisions of Code Ann. § 24A-3401a (Ga. L. 1971, pp. 709, 750) or some other statute. However, it does not appear to be an appeal from a judgment awarding child custody based upon the ex parte order of the juvenile court in which it took jurisdiction of this minor child, although error is enumerated to this ex parte order. The appeal is from the final order of the juvenile court turning custody over to the father.

2. There is no authority under Code Ann. § 24A-1301 (Ga. L. 1971, pp. 709, 722; 1976, pp. 1066, 1069; 1980, pp. 416, 417), by which the minor child in the case sub judice could be taken into custody as an escapee of an institution or facility or pursuant to the laws of arrest as a delinquent. Nor have reasonable grounds been shown that the child is suffering from some illness or injury or is in immediate danger from his surroundings or that the child is a "run away from his parents, guardian, or other custodian."

The juvenile court does have jurisdiction of juvenile matters concerning any child "who is alleged to be deprived" or "[w]here custody is the subject of controversy, except in those cases where the law now gives the superior courts exclusive jurisdiction, in the consideration of these cases, the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court." See Code Ann. § 24A-301 (Ga. L. 1971, pp. 709, 712; 1973, pp. 882, 883). Here no such petition has been filed alleging that the child in this instance is deprived or that the child is the subject matter of any controversy.

3. Generally, the purpose of the Juvenile Court Code of Georgia

(Code Title 24A) is not to settle questions of custody by and between the parents of a minor child or children. See in this connection Code Ann. § 74-107 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 715; 1976, pp. 1050, 1053; 1978, pp. 258, 273). See also *Colton v. Martins,* 230 Ga. 482 (197 SE2d 729); *In re J. R. T.,* 233 Ga. 204 (210 SE2d 684); *Moss v. Moss,* 233 Ga. 688, 690 (212 SE2d 853). However, it is proper for the juvenile court to decide custody issues when properly transferred to that court by the superior court.

4. Our review of the record transmitted to this court fails to disclose any petition in the nature of a habeas corpus having been filed by the father (or the mother) in this case. It does not appear to be an action filed under the "Georgia Child Custody Intrastate Jurisdiction Act of 1978" (Code Ch. 24-3B). Until such time as a petition has been filed whereby the jurisdiction of the juvenile court shall be drawn in question the ex parte order here is deemed to be void and a nullity. Accordingly, the judgment of the juvenile court must be reversed. See Code Ann. § 24A-401 (h) (Ga. L. 1971, pp. 709, 713; 1973, p. 579; 1973, pp. 882, 884; 1976, pp. 1064, 1065; 1977, p. 700; 1977, pp. 1237, 1238). See also *In re J. R. T.,* 233 Ga. 204, supra; *Morris v. Dept. of Family &c. Svcs.,* 127 Ga. App. 36, 37 (192 SE2d 389); *Beavers v. Durley,* 131 Ga. App. 542, 544 (1) (206 SE2d 543); *Elrod v. Hall County Dept. of Family &c. Svcs.,* 136 Ga. App. 251 (220 SE2d 726); *Griggs v. Griggs,* 233 Ga. 752 (213 SE2d 649).

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 17, 1981.

*Vernon J. Neely,* for appellant.
*Robert C. Hagler,* for appellee.