## 61821. WILLIAMS v. DAVENPORT.

BIRDSONG, Judge.

The appellee Davenport, putative father of an illegitimate child whom he had never legitimated, filed a complaint in superior court alleging that the appellant Frankie Ann Williams is the natural mother, with custody, of the seven-year-old boy, and that because she "is not a fit and proper person to have custody of said child by reason of her intemperate habits and her inability to adequately care for the child," he (Davenport) was "entitled to custody" of the child. The mother did not appear at the hearing; the superior court judge did not appoint an attorney for the child. The superior court judge awarded Davenport custody of the child, finding that the appellant natural mother had "forfeited her custodial rights . . . by reason of her neglect [of the child]." Appellant then filed a motion to set aside the judgment, which was denied. *Held:*

The superior court was without jurisdiction to hear the case. Code Ann. § 24A-301 (a) (1) (c) clearly places exclusive jurisdiction in the juvenile court as the sole court for initiating action concerning any child who is alleged to be deprived. This absolute mandate is not

rendered meaningless by the provision at Code Ann. § 24A-301 (c) that "where custody is the subject of controversy, except in those cases where the law now gives the superior courts exclusive jurisdiction . . . the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court." What the juvenile court has exclusive jurisdiction of in the first place cannot be shared with any other court. See *Cothran v. Cothran,* 237 Ga. 487 (228 SE2d 872). Code Ann. § 24A-301 (c) clearly gives concurrent jurisdiction to the juvenile court in cases where the superior court has original jurisdiction, that is, in adoption proceedings (Code Ann. § 24A-301 (a) (2) (c) and in divorce cases and custody matters arising thereunder (see Code Ann. § 2-3301), where such "courts of record in handling divorce [and] alimony . . . cases involving the custody of a child or children . . . transfer the question of . . . custody and support to the juvenile court. . . ." (See Code Ann. § 24A-302 (b)). However, Davenport's complaint was nothing more or less than an allegation of deprivation (Code Ann. § 24A-401 (h)) which was in the exclusive jurisdiction of the juvenile court. *Brooks v. Leyva,* 147 Ga. App. 616 (249 SE2d 628).

In fact, unless he legitimated the child, he had no right or entitlement to custody, and no standing upon which to sue for it as against the mother except in juvenile court — as any person might — where the child is deprived or otherwise under the Juvenile Code, (see Code Ann. §§ 24A-1601, 24A-1602; 24A-2301, 24A-2302, and 24A-2303) or where the mother's parental rights have been terminated. Code Ann. § 24A-301 (a) (2) (c); Code Ann. § 24A-3202 (b). (This latter code section, § 24A-3202 (b), does not give the putative father a right to custody, but merely allows him a superior place among eligible persons for custody upon proof of paternity and *consistent with the best interests of the child,* where the mother's rights are terminated in accordance with Code Ann. §§ 24A-1603, 24A-3201, and 24A-3203. The putative father's previous failure to support or legitimate the child ought to be considered as a factual matter in determining the best interests of the child; otherwise, the father could, by ignoring his obligation under the law, help the mother's ship to sink and then salvage the reward.)

Code Ann. § 74-203 provides: "The mother of an illegitimate child *shall* be entitled to the possession of the child, unless the father shall legitimate him as before provided [in Code Ann. § 74-103]. Being the only recognized parent, she may exercise all the paternal power." (Emphasis supplied.) We do not see how the just legal duty of all creators of illegitimate children to support those children (see *Nelson v. Taylor,* 244 Ga. 657, 658 (261 SE2d 579)) should operate to

render Code Ann. § 74-203 meaningless and give the putative father a right to custody when he has not seen fit to legitimate the child and become its recognized parent as the mother is statutorily under Code Ann. § 74-203.

The proceedings and judgment in superior court were a nullity and must be set aside.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1981 —

*Kenneth Dious*, for appellant.
*Michael L. Thurmond, Curtis W. Miller*, for appellant.