61954. BRANT et al. v. BAZEMORE et al.

BIRDSONG, Judge.

The Superior Court of Effingham County granted permanent custody of a three-year-old boy to his grandparents after the grandparents filed a "petition for custody" in the superior court against the maternal uncle and against the boy's mother.

The undisputed facts are that the boy's father was killed and the young mother, Donna Brant Bazemore, finding herself at the time unable to care for the child, gave him to her brother and brother's wife for safe-keeping. This was formally accomplished by a Florida court order granting temporary custody to the uncle, Madison Brant, "until such time as the [mother] Donna Anne Bazemore deems herself fit again to regain custody of the minor child." This order was entered in June, 1980. Donna Bazemore had spent Christmas, 1979 with her dead husband's parents, the Bazemores, during which time the Bazemores offered her an apartment near them in Sylvania and apparently otherwise sought to ensure their grandchild's well-being according to their plans. In January, 1980, Donna Bazemore moved

with her parents to Miami, Florida, in part because there were difficulties with the elder Bazemores and Donna Bazemore wanted to get away. Following the custody award of the Florida court in June, the uncle Matt Brant and his wife brought the child back to Georgia. Upon eventually finding out where the child was, the Bazemores filed the petition in superior court against the Brants and against Donna Bazemore, alleging that Mrs. Bazemore had abandoned her minor child, praying that the parental rights of Donna Bazemore be terminated, and asking for permanent custody of Larry Brad Bazemore. The trial court found that it was in the best interests of the child that he be permanently awarded to the Bazemores, although the uncle Matt Brant and his wife were admitted by the Bazemores to be fit persons to care for the child. Donna Brant Bazemore and the aunt and uncle appeal. *Held:*

The proceeding and judgment below were a nullity. The superior court did not have jurisdiction of this subject matter, and the judgment is therefore reversed, even though none of the parties has raised this issue at any point. Code Ann. § 110-709. The grandparents' petition sought to terminate the mother's parental rights, and the superior court simply did not have jurisdiction to entertain it. Code Ann. § 24A-301; *Cothran v. Cothran,* 237 Ga. 487 (228 SE2d 872). See also *Williams v. Davenport,* 159 Ga. App. 531.

In any case, even if the superior court had had jurisdiction based upon a proper proceeding or petition, the judgment was error. The grandparents do not have the rights to this child that they contend. As between a natural parent and a third party (grandparent), the parent can be deprived of custody only if one of the conditions specified in Code Ann. §§ 74-108, 74-109 and 74-110, or one of the other legal grounds (Code Ann. §§ 24A-401 (h); 24A-3201), is found to exist by clear and convincing evidence. *White v. Bryan,* 236 Ga. 349, 350 (223 SE2d 710). Notwithstanding anything implied in Code Ann. § 74-106, concerning the interests and welfare of the child, the court has no authority in its discretion to deprive the surviving parent of her child after the death of the spouse, "absent a showing of abandonment, cruel treatment, termination of parental rights, unfitness or other grounds authorized by law." *Bryant v. Wigley,* 246 Ga. 155, 156-157 (269 SE2d 418); and see *Childs v. Childs,* 237 Ga. 177, 178 (227 SE2d 49). No such reason exists in this case to justify depriving this mother of her child. The mother was not alleged or found to be unfit; the Florida order on its face, irrespective of its legal force, gives undisputed evidence that Donna Bazemore did not abandon her child and that when she entrusted temporary custody of the child to her brother she was in fact, "of sound mind and mental capacity but temporarily unable to properly care for the subject minor child

pursuant to the allegations of her petition" in the Florida court. The maternal uncle and aunt are shown, and admitted by the paternal grandparents, to be fit and good custodians. "The mother had the right—the father being dead—to give [temporary custody] of this child of tender years to the brother, that he might [care for the child]. The brother had accepted the request and offer of the sister, and had complied faithfully with his obligation. Under such circumstances it would have been a clear miscarriage of justice for a court to have awarded the custody . . . to the grandparents." *Fletcher v. Booth,* 143 Ga. 644, 646 (85 SE 836). Thus no reason exists in the record of this case, even assuming the superior court had had the authority, to contravene the mother's exercise of her parental rights and powers in entrusting care of her child to her brother. See *Shover v. Department of Human Resources,* 155 Ga. App. 38, 39-40 (270 SE2d 462).

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Reginald C. Haupt, Jr.,* for appellants.
*R. J. Martin III,* for appellees.