167 Ga. App. 572 (1983)
307 S.E.2d 1
IN RE J. C. P.
65358.
Court of Appeals of Georgia.
Decided April 28, 1983.
Rehearing Denied July 26, 1983.
Robert A. Whitlow, for appellant.
Thomas M. Finn, Nancy E. Bradshaw, for appellee.
POPE, Judge.
Appellant natural mother brings this appeal from the grant of a petition for custody which placed custody of appellant's minor child, J. C. P., with appellee-petitioner Wheat, who is unrelated to the child either by blood or marriage. The following pertinent findings of fact were made by the trial court. Appellant, who has never been married, gave birth to J. C. P. on October 17, 1979. After beginning employment at a carpet mill in November 1979, appellant became acquainted with appellee, a fellow employee. At her request, appellee kept J. C. P. in her home on weekends beginning when the child was one to three months old. In April 1980, appellee began to keep J. C. P. on a full-time basis and has done so continuously with the exception of two weekends. In May 1980, appellant gave verbal consent to appellee for her adoption of J. C. P. and, in July 1980, appellant moved to Texas with her two-year-old daughter. J. C. P. remained with appellee.
Appellant has been regularly employed in Texas since August 9, 1980, earning at least $10,000 per year. Since her move to Texas, appellant has had one brief visit with her son in February 1982. She has sent no presents to nor provided support for J. C. P. On October 1, 1980 appellee filed for and was granted temporary custody of the child based upon her allegation that he is deprived. Hearing on the matter was delayed until June 1982 so that evaluation of appellant's home by the Texas Department of Human Resources could be completed. The trial court further found that since October 1980, appellant has sought to regain custody of J. C. P. and has regularly sent postcards to the child.
After a hearing, the trial court concluded that granting custody to appellee was in "the best interest of the child." Liberal, yet *573 conditional, visitation privileges were provided to appellant. Appellant timely filed and was granted an application for discretionary appeal.
In a determination of the initial award of permanent custody of a minor child to either of the child's natural parents, the trial court is authorized to exercise its discretion based upon the "best interests of the child." Gazaway v. Brackett, 241 Ga. 127 (244 SE2d 238) (1978); Anderson v. Anderson, 240 Ga. 795 (2) (242 SE2d 593) (1978). "However, where a third party sues the custodial parent to obtain custody of a child and to terminate the parent's custodial rights in the child, we have required a stricter standard. In such a case, the parent is entitled to custody of the child unless the third party shows by `clear and convincing evidence' that the parent is unfit or otherwise not entitled to custody under Code Ann. §§ 74-108, 74-109 or 74-110 [now OCGA §§ 19-7-1 and 19-7-4]." Blackburn v. Blackburn, 249 Ga. 689, 692 (292 SE2d 821) (1982). The appropriate standard of appellate review in a case of this sort is "`whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.'" Blackburn v. Blackburn, supra at 694.
Application of the standards set out in Blackburn requires our reversal of the judgment of the trial court. First, as its order clearly stated, the "best interests of the child" test was employed by the trial court in granting custody to appellee. Since appellee is a third party suing the natural custodial parent for custody of the child, the trial court erred in applying the "best interests of the child" standard.
Further, the trial court's order concluding J. C. P. to be a "deprived child as defined by Ga. Code Ann. §§ 24A-401 (h) (1) and (3) [now OCGA § 15-11-2 (8) (A) and (C)]" is not supported by its findings of fact. Appellee failed to show that J. C. P. had been abandoned by his mother. "In order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, so far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims." Thrasher v. Glynn County DFCS, 162 Ga. App. 702 (293 SE2d 6) (1982); Glendinning v. McComas, 188 Ga. 345 (3 SE2d 562) (1939). J. C. P. was placed in appellee's temporary custody under an ex parte order on the date on which appellee's petition for custody was filed, October 1, 1980, a few months after appellant moved to Texas. The trial court found that since October 1980 appellant has sought to regain custody of her son. Although a further finding stated that she had failed to make a substantial effort *574 to establish a relationship with J. C. P., we find that she attempted to keep in communication with her son during the time required for the home evaluation by the authorities in Texas. By regularly sending postcards through the mail to her son during the lengthy wait for the Texas report, appellant indicated that she did not intend that her parental relationship with her son be severed. Under the facts of this case, we find no abandonment of J. C. P. by his mother.
Moreover, we find no showing of deprivation. In order to sever appellant's custodial rights in J. C. P., a showing that appellant is presently unfit is required. The trial court made no specific finding of fact nor conclusion of law on this point. In fact, any evidence of unfitness based upon appellant's sexual behavior is acknowledged by the trial court's order to have been in the past, having terminated in July 1980. "[E]vidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of present unfitness is required." Blackburn v. Blackburn, supra at 692; Wright v. Hanson, 248 Ga. 523 (2) (283 SE2d 882) (1981). We find no such evidence either in the record or in the trial court's findings of fact. To the contrary, the report of the Texas Department of Human Resources used as evidence in this matter specifically stated that, in the opinion of the evaluator, appellant is not an unfit mother. Further, the trial court found evidence that appellant is improving her life style and being a competent parent to her daughter.
We note additionally that "[a] finding of unfitness must center on the parent alone, that is, can the parent provide for the child sufficiently so that the government is not forced to step in and separate the child from the parent. A court is not allowed to terminate a parent's natural right because it has determined that the child might have better financial, educational, or even moral advantages elsewhere. [Cit.] Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship." Carvalho v. Lewis, 247 Ga. 94, 95 (274 SE2d 471) (1981). We fail to find such circumstances in the case sub judice. See In re Suggs, 249 Ga. 365 (2) (291 SE2d 233) (1982); Brant v. Bazemore, 159 Ga. App. 659 (284 SE2d 674) (1981).
Judgment reversed. Quillian, P. J., and Sognier, J., concur.

*575 ON MOTION FOR REHEARING.
Appellee contends that this court erroneously applied the standard for cases of parental rights termination and permanent custody awards to the case at bar, which involves the award of temporary custody to a third party in a contest with the natural parent. Specifically, appellee argues that where temporary custody is sought by a third party based upon an allegation that the child is deprived, such deprivation need not be shown by clear and convincing evidence, nor is it required that the natural parent be shown to be unfit. We disagree.
Where deprivation forms the predicate upon which the third party seeks a temporary transfer of the child's legal custody, in order to support such disposition the child must first be adjudicated to be a deprived child. See OCGA §§ 15-11-33 (b) (1) (Code Ann. § 24A-2201); 15-11-34 (a) (2) (A) (Code Ann. § 24A-2301). See also OCGA § 15-11-33 (a) (Code Ann. § 24A-2201). By statute, that finding of deprivation must be made by "clear and convincing evidence." OCGA § 15-11-33 (b) (1) (Code Ann. § 24A-2201). The provisions governing the evidentiary standard to be used in a determination of deprivation do not differentiate between cases of parental rights termination and those involving transfers of custody, either permanent or temporary. We, therefore, adhere to the view advanced in our original opinion. In cases brought by a third party against the natural parent and alleging deprivation, the "clear and convincing" standard of evidence applies with equal force to petitions for temporary custody as well as to any permanent transfer of custody or termination of parental rights.
Additionally, we reaffirm the position taken in our original opinion that a showing of parental unfitness is required in cases of temporary custody sought by a third party. Accord, In re M. M. A., 166 Ga. App. 620 (305 SE2d 139) (1983). Parental unfitness is "`caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child.'" Chancey v. D. H. R., 156 Ga. App. 338, 340 (274 SE2d 728) (1980), quoting Ray v. D. H. R., 155 Ga. App. 81, 88 (270 SE2d 303) (1980). A finding of parental unfitness is essential to support an adjudication of present deprivation where parental rights are terminated as well as the transfer of permanent custody to a third party. See Blackburn v. Blackburn, 249 Ga. 689 (292 SE2d 821) (1982); In re Suggs, 249 Ga. 365 (291 SE2d 233) (1982); Hooks v. Baldwin County DFCS, 162 Ga. App. 142 (290 SE2d 356) (1982). This finding is based upon evidence presented during the adjudicatory stage of the proceedings and is utilized in determining *576 the threshold issue of present deprivation. Any ruling by the trial court in the dispositional stage changing the legal custody of the child or terminating parental rights must, in cases of this sort, be grounded upon a finding that the child is at the present time a deprived child.[1]
While we realize that the disposition in a deprivation proceeding may vary in severity, i.e., length of time,[2] the result may be removal of the child from the natural parent. We find no valid rationale for applying differing standards in arriving at the threshold determination of present deprivation.
Judgment adhered to.
NOTES
[1] Additional findings are required for termination of parental rights. OCGA § 15-11-51 (a) (2) (Code Ann. § 24A-3201) provides that parental rights may be terminated where the child is deprived "and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm." See Griffith v. D. H. R., 159 Ga. App. 649 (284 SE2d 666) (1981). The two preceding statutorily required findings are necessary only in cases of termination of parental rights. Notwithstanding appellee's arguments to the contrary, requiring a showing of parental unfitness for a temporary transfer of custody to a third party does not erase the evidentiary distinction between termination of parental rights and temporary transfer of custody.
[2] "An order terminating parental rights is without limit as to duration." OCGA § 15-11-41 (a) (Code Ann. § 24A-2701). An order transferring temporary custody continues in force for a period not to exceed two years in most circumstances. OCGA § 15-11-41(c) (Code Ann. § 24A-2701). This may, however, be extended under the conditions set out in OCGA § 15-11-41(c) (1-4) (Code Ann. § 24A-2701).