69966. IN THE INTEREST OF M. M. A.
(332 SE2d 39)

DEEN, Presiding Judge.

This appeal arises from a petition filed in juvenile court by the Department of Human Resources through the Worth County Department of Family and Children Services (DFCS), alleging that M. M. A. was a deprived and neglected child within the meaning of the Juvenile Court Act (OCGA § 15-11-2 (8)) and seeking to have custody of the child removed from her father, appellee herein, and temporary custody placed in DFCS. The court denied the petition and continued custody of the child with the father under eight specified conditions, including the right of the child to visit the mother for a two-week period each year. The mother filed an application for discretionary appeal, which was granted by this court.

A previous adjudication of the custody of the child was instituted by the mother in 1982, in which she sought to have the permanent custody awarded to the father in a 1977 divorce decree changed to herself. The trial court found both parents to be unfit at that time, determined that the child was deprived and awarded temporary custody to DFCS. The father appealed to this court and we reversed, holding that the evidence presented was "insufficient to rebut either the presumption favoring the natural parents over a third party, or that favoring the parent having a *prima facie* right as attested by a divorce decree." *In re M. M. A.*, 166 Ga. App. 620, 626 (305 SE2d 139) (1983). However, since DFCS was not a party to the 1982 suit, it received no notice of our decision reversing the trial court or any order

of the lower court carrying the appellate decision into effect. Consequently, DFCS has continued to operate under the 1982 order of the trial court giving it temporary custody of the child up until and during the pendency of this action and appeal.

"In a contest between the parents, the award of custody by a divorce court vests the custodial parent with a *prima facie* right. [Cit.]" *In re M. M. A.*, supra at 625. However, "the purpose of the Juvenile Court Code of Georgia [OCGA § 15-11-1 et seq.] is not to settle questions of custody by and between the parents of a minor child . . . [unless] properly transferred to that court by the superior court." *Neal v. Washington*, 158 Ga. App. 39, 40 (3) (279 SE2d 294) (1981). "[OCGA § 15-11-5 (a) (1) (C)] clearly places exclusive jurisdiction in the juvenile court as the sole court for initiating action concerning any child who is alleged to be deprived." *Williams v. Davenport*, 159 Ga. App. 531 (284 SE2d 45) (1981). Accord *Brant v. Bazemore*, 159 Ga. App. 659 (284 SE2d 674) (1981). Thus the mother as non-custodial parent has no standing to challenge in this appeal any findings made as to whether the child was deprived while in the father's custody, as alleged by DFCS in its petition for temporary custody.

However, her enumeration of error as to the restriction of her visitation rights is meritorious. " 'Custody' includes visitation rights." OCGA § 19-9-22 (1); *Tirado v. Shelnutt*, 159 Ga. App. 624 (3) (284 SE2d 641) (1981). Since the mother had been awarded "rights of reasonable visitation" under the divorce decree, the juvenile court, without a proper transfer from the superior court which has not been shown here, was without authority to modify the custody provisions of the final divorce decree in regard to the mother's visitation privileges. Therefore, that portion of the juvenile court order restricting the mother's visitation rights to two weeks is without force or effect. *Conroy v. Jones*, 238 Ga. 321 (232 SE2d 917) (1977).

*Judgment affirmed in part and reversed in part. Beasley, J., concurs. Pope and Beasley, JJ., concur specially.*

POPE, Judge, concurring specially.

While I concur in the judgment of the majority, I feel it necessary to recognize that the trial judge in this case is a superior court judge *sitting as* judge of the juvenile court. As a practical matter, the jurisdictional and procedural snafu resulting from the inclusion of modification of visitation is, therefore, more understandable. The majority is, however, correct in holding that, without indication in the record that the trial judge was exercising his superior court authority so as to bring the visitation issue within the proper jurisdiction, that part of the order regarding changes in the visitation rights of the mother is of no effect and must be reversed. I am authorized to state that Judge Beasley joins in this special concurrence.

BEASLEY, Judge, concurring specially.

I concur in the majority and with the concurring opinion. This involves more than a mere technicality or shifting in one's chair, so to speak. The juvenile court performs different functions than does the superior court. Jurisdiction over juvenile proceedings focuses on the child and that child's "well-being" and "welfare." OCGA § 15-11-1. The General Assembly has even mandated specialized training seminars geared to achieve these ends. OCGA § 15-11-4.1. Thus the distinction must be carefully preserved.

DECIDED MAY 30, 1985.

*Ralph F. Simpson*, for appellant.
*Robert H. Reeves*, for appellee.