72677. IN THE INTEREST OF L. J. V.
(349 SE2d 37)

McMURRAY, Presiding Judge.

On September 15, 1985, L. J. V. was charged by uniform traffic citation with the offense of speeding (88 mph in a 55 mph zone). At that time L. J. V. was 16 years of age. The summons required L. J. V. to appear in the State Court of Cherokee County to answer this charge.

Subsequently, L. J. V. filed her motion to dismiss for lack of subject matter jurisdiction or in the alternative to transfer to the Juvenile Court of Bartow County (the county of L. J. V.'s residence). L. J. V.'s motion was predicated upon her contention that the State Court of Cherokee County lacked jurisdiction of the charges against her because juvenile courts have exclusive original jurisdiction over the charges against her. The trial court denied L. J. V.'s motion and following a trial before the court without a jury, L. J. V. was found guilty of the offense of speeding and sentenced accordingly. L. J. V. appeals, enumerating as error the denial of her motion to dismiss for lack of subject-matter jurisdiction. *Held*:

The juvenile courts "shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: (1) Concerning any child: (A) Who is alleged to be delinquent, except when the allegation is based on a delinquent act which would be con-

sidered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in a penal institution." OCGA § 15-11-5 (a) (1) (A). At the time of the offense L. J. V. was a child as defined by OCGA § 15-11-2 (2) (A), in that she was under the age of 17. "Delinquent act" as defined by statute includes "An act designated a crime by the laws of this state, or by the laws of another state if the act occurred in that state, under federal laws, or by local ordinance, and the crime does not fall under sub-paragraph (12) (C) of this Code section and is not a juvenile traffic offense as defined in Code Section 15-11-49." OCGA § 15-11-2 (6) (A).

L. J. V. was charged with speeding, a violation of OCGA § 40-6-181, which is an act designated a crime by OCGA § 40-6-1. Thus, the offense allegedly committed by L. J. V. is a "delinquent act" unless one of the exceptions in OCGA § 15-11-2 (6) (A) are applicable. The first exception involving offenses applicable only to a child is clearly inapplicable. The second exception involving the provision of OCGA § 15-11-49 relating to juvenile traffic offenses is inapplicable as it involves traffic offenses by persons under the age of 16 (L. J. V. was 16 years of age at the time of the alleged offense).

Consequently, we conclude that exclusive original jurisdiction of the charges against L. J. V. was vested in the juvenile courts of either Bartow County (the county of L. J. V.'s residence) or Cherokee County (the county in which the acts constituting the offense occurred). See in this regard OCGA § 15-11-15. In reaching this conclusion we find no conflict between OCGA § 15-7-4, which provides the state court with jurisdiction of "criminal cases below the grade of felony," and OCGA § 15-11-5 (a) (1) (A), which provides the juvenile court with *exclusive original jurisdiction* of the charges against L. J. V. See in this regard OCGA § 15-11-39 regarding transfer of certain delinquency cases from the juvenile court to other appropriate courts.

Although L. J. V. reached the age of 17 prior to her trial and sentencing, indeed prior to the filing of her motion to dismiss for lack of subject-matter jurisdiction, such did not remedy the jurisdictional deficit of the State Court of Cherokee County at issue. See OCGA § 15-11-39 (c).

*Judgment reversed. Carley, J., concurs. Pope, J., concurs specially.*

Pope, Judge, concurring specially.

I agree with the result reached by the majority finding exclusive jurisdiction to be in the juvenile court when a sixteen-year-old driver is charged with the traffic offense of speeding. It may seem paradoxical to license a sixteen-year-old child as an adult to drive an automo-

bile upon the state's roads, then to try him as a child when he commits a traffic offense in the operation of the vehicle. However, the underlying rationale for juvenile court jurisdiction over the sixteen-year-old traffic offender, of course, is the wider latitude for rehabilitational dispositions provided within the juvenile justice system. Moreover, my analysis of the pertinent statutes supports our holding that the sixteen-year-old traffic offender is properly tried in the juvenile court. The juvenile court has exclusive original jurisdiction over a sixteen-year-old child (OCGA §§ 15-11-2 (2) (A) and 15-11-5 (a) (1) (A)) who is alleged to have committed the delinquent act (OCGA § 15-11-2 (6) (A)) of speeding, an act designated a crime in OCGA § 40-6-181 (b) (2). See 1985 Op. Att'y Gen. No. U85-18.

I write separately only to make it clear that the juvenile court has exclusive jurisdiction over the sixteen-year-old driver for all violations of this state's traffic laws, specifically those set forth by statute in OCGA § 40-6-1 et seq., the Uniform Rules of the Road. This includes those designated as "Serious Traffic Offenses" in Title 40, Chapter 6, Article 15, including but not limited to reckless driving, driving under the influence of alcohol or drugs and homicide by vehicle. See OCGA §§ 40-6-390 through 40-6-395. Further, not only infractions regarding the operation of automobiles and trucks are covered, but also those involving bicycles, motorcycles, motorized carts and mopeds. See §§ 40-6-290 through 40-6-354. In short, the juvenile court has jurisdiction over the sixteen-year-old driver who is charged with any traffic offense enumerated within the Uniform Rules of the Road, OCGA § 40-6-1 et seq.

DECIDED SEPTEMBER 23, 1986.

*William Morgan Akin, Warren Akin*, for appellant.
*Daniel T. Stringer, Solicitor*, for appellee.