74312, 74313. OWEN v. OWEN; and vice versa.
(359 SE2d 229)

POPE, Judge.

Appellant Chester W. Owen and appellee Gail Lynn Owen were divorced in the Superior Court of Muscogee County on May 31, 1985. The issue of custody of their minor child was referred to the Juvenile Court of Muscogee County. After the parties consented to a joint custody agreement with physical custody of the child in the mother and specified visitation privileges to the father, these arrangements were incorporated into the final decree of divorce. On November 21, 1985 appellant filed a petition in the Muscogee Juvenile Court seeking sole permanent custody due to an alleged change of circumstances adversely affecting the welfare of the minor child. The issue was investigated and heard, and appellant's petition was denied on appellee's motion for directed verdict. We granted appellant's application for discretionary appeal.

1. Appellant contends that the juvenile court did not have subject matter jurisdiction of the petition to change custody. The transcript of the hearing indicates that when this question arose, the juvenile court judge was apparently under the impression that the referral by the superior court to determine child custody in the divorce action allowed its jurisdiction to continue in the modification proceeding. At any rate, the juvenile court did not expressly rule on the issue and proceeded with the hearing. The order appealed from recites as its first conclusion of law that the juvenile court had "jurisdiction over the parties and the subject matter herein, pursuant to OCGA § 5-11-5 [sic]." This ruling is erroneous.

Under OCGA § 15-11-5 (c), "[w]here custody is the subject of controversy, except in those cases where the law gives the superior courts exclusive jurisdiction, in the consideration of these cases the

juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court." There was no order of the superior court transferring the petition to the juvenile court here, and the jurisdiction obtained during the divorce action could not serve to retain such jurisdiction. "[A]fter a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action . . . in compliance with Article VI, Section XIV, Paragraph VI of the Constitution of this state." (Indention omitted.) OCGA § 19-9-23 (a) and (b). "A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing, and any attempt by the trial judge to retain jurisdiction of the child is a nullity. Any language contained in a judgment which purports to . . . retain jurisdiction in the court to amend or modify the award has no effect." (Citations and punctuation omitted.) *Draper v. Draper*, 170 Ga. App. 727 (318 SE2d 314) (1984). Nor can a party "voluntarily" submit himself to the jurisdiction of an improper court. *Jones v. Jones*, 178 Ga. App. 794, 795 (344 SE2d 677) (1986), aff'd 256 Ga. 742 (352 SE2d 754) (1987).

Although we are not unsympathetic with the plight of the child, as well as the divorced parents in this California-Georgia custody dispute, and although we recognize the difficulties arising from protracted litigation, we are unable to endorse the premise that the error can be remedied by a nunc pro tunc amendment. See generally *Burns v. Fedco Mgt. Co.*, 168 Ga. App. 15 (308 SE2d 38) (1983). Clearly, "the juvenile court, without a proper transfer from the superior court which has not been shown here, was without authority to modify the custody provisions of the final divorce decree. . . ." *In the Interest of M. M. A.*, 174 Ga. App. 898, 899 (332 SE2d 39) (1985). Therefore, the purported juvenile court judgment was without force or effect and must be reversed. *Conroy v. Jones*, 238 Ga. 321 (232 SE2d 917) (1977). Cf. *In the Interest of L. J. V.*, 180 Ga. App. 400 (349 SE2d 37) (1986); *Whitlock v. Barrett*, 158 Ga. App. 100 (279 SE2d 244) (1981).

2. It follows that the juvenile court was likewise without jurisdiction to consider the appellee/cross-appellant's motion for attorney fees for defending the change of custody claim. In any event, although an award of attorney fees is authorized under OCGA § 19-6-22 when the obligated spouse seeks to modify a permanent alimony judgment, they are not recoverable in an action where the noncustodial parent seeks a change of custody. *Haselden v. Haselden*, 255 Ga. 366 (1) (338 SE2d 257) (1986); *Wilkins v. Wilkins*, 234 Ga. 404, 406 (216 SE2d 302) (1975).

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

Decided June 30, 1987.

*Anne H. Jarrett*, for appellant.
*Jerry D. Sanders*, for appellee.