## 59995. DURDEN v. BARRON et al.

SHULMAN, Judge.

Plaintiff brought suit in juvenile court to regain custody of her natural child, alleging a change of condition. Custody of the child had previously been awarded to defendants, the paternal grandparents of the minor child.

Plaintiff appeals the juvenile court's refusal to conduct an evidentiary hearing on plaintiff's claim of a change of condition, which refusal was premised on the court's application of the doctrine of res judicata. We reverse.

The facts show that the present action was brought on the same day that the Supreme Court's judgment affirming the superior court's award of custody was made the order of the superior court. Although a year had elapsed pending appeal of the superior court's determination of custody, the court below (the juvenile court) nevertheless concluded that the same issues presently brought before it had been heard and disposed of by the superior court. Therefore, the superior court concluded that the issue of a change in condition was res judicata. We cannot agree.

Since a year had elapsed from the time in which the original award of custody was made (finding plaintiff unfit to regain custody of her child), it is possible that, in the interim period, conditions or circumstances could have changed so as to presently authorize a

modification of the superior court's award of custody. The decision of the Supreme Court to affirm the original award of custody was based upon facts and conditions existing at the time of the superior court's adjudication of custody and thus does not imply or necessitate a finding that conditions have not subsequently changed. We find, then, that in view of the fact that plaintiff was asserting a change of condition subsequent to the superior court's adjudication of custody, res judicata would not preclude the present action. See in this regard *Robinson v. Ashmore,* 232 Ga. 498 (2) (207 SE2d 484).

The issue of child custody, especially where a child is taken from a natural parent, calls for judicial soul searching under the most difficult circumstances. Therefore, we cannot agree that an evidentiary hearing should be denied, and the trial court erred in so holding.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 16, 1980 — DECIDED SEPTEMBER 3, 1980.

*Denmark Groover, Jr., Frank H. Childs, Jr.,* for appellant.
*J. Alton Gladin, Lawton Miller, Jr.,* for appellees.