36590. CARVALHO v. LEWIS et al.

</div>

JORDAN, Chief Justice.

We granted certiorari to review the decision of the Court of Appeals in *Lewis v. Lewis,* 154 Ga. App. 853 (269 SE2d 919) (1980). The question on certiorari is whether the Court of Appeals' opinion, although correctly citing *Mathis v. Nicholson,* 244 Ga. 106 (259 SE2d 55) (1979), for the proper standard to be used in a custody contest between a parent and a third party, defines parental "unfitness" so as to make it indistinguishable from the much more discretionary determination of the "best interest of the child" — a standard to be used in a contest between two parents.

This case involves a custody dispute over two minor children initiated by the father against the paternal aunt, the temporary custodian, and the mother, the legal custodian. The trial court granted custody of the children to the aunt on the basis that the older child, fourteen years old at the time of the trial court's order, preferred to remain with her aunt. Because the grant of custody of the fourteen-year-old to the aunt represented such a material change of circumstances so as to authorize a change of custody, permanent custody of the ten-year-old was also granted to the aunt.

The Court of Appeals vacated this judgment holding that in a custody dispute between a parent and a third party, the trial court must first make a determination as to whether the parent has lost his or her right pursuant to Code Ann. § 74-108 or that the parent is unfit pursuant to case law established by this court. See, e.g., *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (1964).

We agree with the Court of Appeals' conclusion that the case must be remanded for the prescribed determination. However, we

disagree with the Court of Appeals to the extent that it has implied that a trial judge in the exercise of his legal discretion may compare the relative merits of a parent to those of a third party.

A finding of unfitness must center on the parent alone, that is , can the parent provide for the child sufficiently so that the government is not forced to step in and separate the child from the parent. A court is not allowed to terminate a parent's natural right because it has determined that the child might have better financial, educational, or even moral advantages elsewhere. *Chapin v. Cummings,* 191 Ga. 408 (12 SE2d 312) (1940). Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship.

In Division 4, the Court of Appeals states that unfitness "may by its very nature be relative. . ." 154 Ga. App. at 855. The ability of a parent to raise his or her child may not be compared to the superior fitness of a third person. That ability must be examined in a scrutinous, abstract light. Only in custody disputes between parents may a court determine which party is more suitable to be awarded custody, this being the so-called "best interest of the child" test.

In agreeing with the Court of Appeals that this case must be remanded to the trial court, we in no way prejudge the evidence. The trial court has the record in this case before it, including a transcript of a full hearing held with all parties and their counsel present. In re-examining the record, the trial court may find clear evidence of the parents' unfitness or loss of parental rights under Code Ann. § 74-108. Or the trial court may find one parent a fit custodian. This finding, however, must be made in the light of what has been said in this opinion based on the existing record or upon a new hearing conducted by the trial court.

*Judgment vacated and remanded for further proceedings not inconsistent with this opinion. All the Justices concur.*

<div align="center">DECIDED FEBRUARY 10, 1981.</div>

*Marian Burge, Steven Gottlieb,* for appellant.
*J. Douglas Sexton, Joseph E. Cheeley,* for appellees.