### 36872. WIGLEY v. BRYANT et al.

JORDAN, Chief Justice.

Alvin E. Wigley filed a petition for habeas corpus seeking custody of his 10-year-old daughter from the Bryants, her maternal aunt and uncle, with whom she had been living for several weeks since her mother's death.

After a hearing the trial court concluded as a matter of law that the father's parental rights had not been terminated and granted the writ of habeas corpus. In so doing, however, the trial court stated, "There is no question whatsoever but that the best interests of this child would be served by leaving that child with [the Bryants, her aunt and uncle] . . . Now, were it within my power to do so, I would deny this habeas corpus, but the law compels me to grant it."

The Bryants appealed. This court reversed, stating:

"In the case before us, we read this trial court's statement as a finding that under the facts of this case the trial court lacked discretion to award custody of the child to a nonparent. We disagree. These facts would authorize the court to exercise the discretion granted it under Code Ann. § 74-106. . . . Because the trial court was not precluded on these facts from exercising its discretion, we remand the case to allow the court to decide the issue of custody by the exercise of its discretion. [Cits.]" *Bryant v. Wigley,* 246 Ga. 155, 157 (269 SE2d 418) (1980).

Upon receipt of the remittitur, and without notice to Wigley, the trial court entered an ex parte order which adopted the original findings of facts and stated that in accordance with the opinion of the Supreme Court of Georgia "this Court now exercises its discretion in considering this petition" and "after careful review and consideration of the facts in this case, this Court believes it is in the best interests of petitioner's child to deny this writ of habeas corpus. . . ."

From this order, appellant appeals contending that the court erred in entering this order without another hearing on all the facts and in denying his petition, and further that the trial court erred in failing to recuse himself from the case upon remand from the

Supreme Court.

We reverse. We did not reverse the original case "with direction" that judgment be entered against the father, appellant in this case. We remanded the case with the following language: "[A]bsent a showing of abandonment, cruel treatment, termination of parental rights, unfitness or other grounds authorized by law, the trial court lacks discretion to deprive the surviving parent of his or her child." *Bryant v. Wigley,* 246 Ga. at 157. However, we concluded by holding that once such a finding is made by the trial court, it can exercise its discretion in awarding custody to a nonparent.

Almost a full year elapsed between the original hearing and the time the trial court entered its ex parte order. Under the circumstances of this case, the father should have been given an opportunity to present additional facts which might meet the issue upon which this Court granted a reversal. *Sirmans v. C. & S. Nat. Bank,* 132 Ga. App. 894 (209 SE2d 697) (1974); *Smith v. Smith,* 119 Ga. App. 619 (168 SE2d 609) (1969).

The primary obligation of the trial court upon remand will be to make a finding, based on all the facts present in this record and those adduced at another hearing, as to appellant's fitness as a custodian. See *Carvalho v. Lewis,* 247 Ga. 94 (274 SE2d 471) (1981). Though parental unfitness must be shown by clear and convincing evidence, certain circumstances definitely warrant such a finding.

Nothing in the record shows that the trial court erred in failing to recuse himself from the case upon remand from the Supreme Court.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED APRIL 16, 1981.

*Glyndon C. Pruitt,* for appellant.
*W. Michael Strickland,* for appellees.