## 38148. DURDEN v. BARRON et al.

SMITH, Justice.

The Court of Appeals has certified the following questions to this court: "1. Where custody of a child has been awarded to one other than its natural parent by a court order which has become final, in a subsequent custody contest between the third party and the parent, is the parent entitled to custody unless it is shown by clear and convincing evidence that such parent is unfit or otherwise not entitled to custody under the law? See *Carvalho v. Lewis,* 247 Ga. 94 [(274 SE2d 471)]; *Wigley v. Bryant,* 247 Ga. 487 (277 SE2d 246).

"2. If the first question is answered in the negative, where a third party has been awarded permanent custody of a child, may a parent obtain custody by showing a change of conditions affecting the welfare of the child? See *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484); *Gazaway v. Brackett,* 241 Ga. 127, 129 (244 SE2d 238); *Higbee v. Tuck,* 242 Ga. 376, 377 (249 SE2d 62)."

1. It is now settled that, in a custody contest between a parent and third party, the parental right to custody may be *lost* only if by clear and convincing evidence one of the conditions specified in Code Ann. §§ 74-108, 74-109, or 74-110 or parental unfitness is shown to exist. *Miele v. Gregory,* 248 Ga. 93 (281 SE2d 565) (1981); *Gazaway v. Brackett,* supra at 129. This rule presupposes an existing parental right to custody vis a vis the third party. It is thus inapplicable to a parent who has lost the parental right to custody.

Where a parent was a party to a proceeding in which his or her right to custody was lost and custody was permanently awarded to a third party, the parent does not have a prima facie right to custody. Accordingly, the first certified question is answered in the negative.

2. Once a third party has been awarded permanent custody of a child in a court proceeding to which a parent was a party, the roles of the parent and the third party reverse; that is, the third party now has the prima facie right to custody as against the parent who has lost the right to custody. The parent can regain custody upon showing by clear and convincing evidence his or her present fitness as a parent and that it is in the best interest of the child that custody be changed. Anything to the contrary in *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974) and its progeny is hereby overruled.

The second certified question as posed is answered in the negative.

*Certified questions answered in the negative. All the Justices concur.*

DECIDED MAY 4, 1982 —
REHEARING DENIED JULY 1, 1982

*Groover & Childs, Denmark Groover, Jr., Frank H. Childs, Jr.,* for appellant.

*J. Alton Gladin, Lawton Miller, Jr.,* for appellees.