62824. DURDEN v. BARRON et al.

QUILLIAN, Chief Judge.

This appeal arose out of a custody action brought in October, 1979, by the natural mother of a minor child against the child's paternal grandparents to whom custody had been awarded by decree entered in November, 1978. After an evidentiary hearing the trial judge found that it was in the "best interest" of the child that custody remain in the grandparents. Application for discretionary appeal was made by the mother which application was granted by this court.

After the appeal was filed in this court, we certified two

questions to the Supreme Court. In answer to our first question, the Supreme Court held that after a third party has been permanently awarded custody the parent no longer has a prima facie right to custody.

Our second question was: "If the first question is answered in the negative, where a third party has been awarded permanent custody of a child, may a parent obtain custody *only* by showing a change of conditions affecting the welfare of the child? See *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484); *Gazaway v. Brackett,* 241 Ga. 127, 129 (244 SE2d 238); *Higbee v. Tuck,* 242 Ga. 376, 377 (249 SE2d 62)." (Emphasis supplied.) The Supreme Court answered this question, omitting therefrom the italicized word *only,* as follows: "Once a third party has been awarded permanent custody of a child in a court proceeding to which a parent was a party, the roles of the parent and the third party reverse; that is, the third party now has the prima facie right to custody as against the parent who has lost the right to custody. The parent can regain custody upon showing by clear and convincing evidence his or her present fitness as a parent and that it is in the best interest of the child that custody be changed. Anything to the contrary in *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974) and its progeny is hereby overruled.

"The second certified question as posed is answered in the negative." *Durden v. Barron,* 249 Ga. 686 (290 SE2d 923).

As we read that decision, in order to regain custody a parent who has been deprived of such custody by a judgment must show by clear and convincing evidence: 1) present fitness as a parent, and 2) that it is in the best interest of the child that custody be changed. Since the trial judge expressly found it to be in the best interest of the child that custody *not* be changed and the evidence adduced does not demand a finding to the contrary, the judgment entered is not subject to reversal.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 10, 1982.

*Denmark Groover, Jr., Frank H. Childs, Jr.,* for appellant.
*J. Alton Gladin, Lawton Miller, Jr.,* for appellees.