A93A1834. WILLIAMS v. PAYNE et al.
(438 SE2d 170)

BLACKBURN, Judge.

R. Tommy Williams appeals the trial court's order terminating his parental rights with respect to his minor child. Marci Williams, the child's mother, voluntarily gave up custody of her child in favor of her uncle and his wife, the appellees, and is not involved in this appeal. On appeal, Williams enumerates six of the trial court's findings as error. However, each enumeration concerns the correctness of the trial court's decision to terminate Williams' parental rights; therefore, they will be discussed together.

"A finding of unfitness must center on the parent alone, that is, can the parent provide for the child sufficiently so that the government is not forced to step in and separate the child from the parent. A court is not allowed to terminate a parent's natural right because it has determined that the child might have better financial, educa-

tional, or even moral advantages elsewhere. [Cit.] Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship." *Carvalho v. Lewis*, 247 Ga. 94, 95 (274 SE2d 471) (1981). Furthermore, "evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required. [Cits.]" *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982).

After a hearing, the juvenile court determined that Williams was currently unfit based upon a combination of the following facts: (1) Williams' failure to sufficiently exercise his visitation rights and, when exercised, his failure to act as physical caretaker of the child, instead allowing his mother or girl friend to care for the child; (2) the existence of "great discord and aberrant behavior" in the home of Williams' parents, where Williams resides; (3) an act of violent behavior directed toward the child's mother by Williams in the presence of the child, in which Williams threw rocks at the car in which the mother and child were sitting, then proceeded to pull the mother out of the car by her hair and hit her head against the car door; (4) Williams' arrearage in child support payments of $945, despite his full-time employment; and (5) Williams' failure to handle his own finances, instead, allowing his mother to pay his child support payments, when paid. The record further indicated that Williams resided with his parents in a situation in which fighting, both verbal and physical, was not uncommon. The child's mother also testified to an instance when Williams struck the child hard enough to knock the child off the three-wheel toy the child was riding across the living room floor.

The superior court adopted the findings of the juvenile court and determined that because Williams was unfit by clear and convincing evidence, the best interest of the child dictated that the child remain in the custody of the appellees.

"[T]he appropriate standard of appellate review in a case where a parent's rights to his child have been severed is 'whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.'" Id. at 694. Our review of the record supports the trial court's findings. Although there was conflicting testimony, "[t]he reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met." (Citation and punctuation omitted.) *In the Interest of B. P.*, 207 Ga. App. 242, 244 (427 SE2d 593) (1993). The record indicates that the trial court applied the clear and convincing standard to the facts presented and properly terminated Williams' parental rights.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

*John B. Degonia, Jr.*, for appellant.
*Strauss & Walker, Calvin M. Walker, Joab L. Kunin*, for appellees.