A95A0977. VILLENUEVE v. RICHBOURG et al.
(457 SE2d 821)

BLACKBURN, Judge.

We granted appellant Maria P. Villenueve's application for discretionary appeal to review the trial court's order denying Villenueve's petition for custody of her minor child.

The parents of the minor child, Villenueve and appellee Christopher F. Allen, were divorced in 1984. The final judgment and decree of divorce awarded permanent custody of the child to the appellee, Mary S. Richbourg, the child's paternal great grandmother, allowing Villenueve liberal visitation. Upon entering its final decree of divorce, the trial court found as fact that "[Villenueve and Allen] were married on May 19, 1982. A child, BRANDIN MICHELLE ALLEN, was born October 14, 1982. The child is now age 16 months. The parties separated April 12, 1983. Subject action was filed on September 19, 1983, with the divorce having been granted November 7, 1983, reserving all issues in regard to custody, support and property rights. The parties entered into an Agreement which was made the Temporary Order on October 18, 1983, providing for joint custody of the child pending final disposition. The plaintiff [Allen] is 18 years old, a student at Savannah Vo-Tech studying in the computer sciences field. The defendant [Villenueve] is age 19 years, employed as a floor supervisor at a ladies clothing store. *The parties, through counsel, have waived all other findings of fact and conclusions of law.*" (Emphasis supplied.)

1. Villenueve contends that the trial court erred in denying her petition for change of custody brought by a parent against a non-parent and in failing to require the non-parent to bear the burden of proof where there had never been a finding of unfitness of the parent.

"In every case involving a custody dispute between a parent and a third party, the trial court must first make a determination as to whether the parent has lost his or her right pursuant to OCGA § 19-7-4, or is unfit pursuant to Georgia case law. *Carvalho v. Lewis,* 247 Ga. 94 (274 SE2d 471) (1981); *Brooks v. Carson,* 194 Ga. App. 365, 368 (2) (390 SE2d 859) (1990)." *Martini v. Jefferson,* 213 Ga. App. 666 (445 SE2d 814) (1994). In this regard, as between a parent and a third party, "the parent is entitled to custody of the child unless the third party shows by 'clear and convincing evidence' that the parent is unfit or otherwise not entitled to custody. . . . Additionally, evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present*

unfitness is required." *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982). The roles of the parent and the third party reverse, however, upon the award of permanent custody to the third party in consequence of a court proceeding, and, as a result, the parent's prima facie right to custody is lost to the third party. *Durden v. Barron*, 249 Ga. 686 (290 SE2d 923) (1982). See also *Parton v. Haviland*, 212 Ga. App. 835, 837 (442 SE2d 806) (1994) (*Durden* applicable "only to a *permanent* award which was made upon an evidentiary hearing with specific findings as required by *Blackburn*, supra").

There is here no issue as to whether the trial court by its final judgment and decree of divorce awarded permanent custody of the minor child to Richbourg. We therefore need only determine whether the *Blackburn* requirement for a finding of unfitness, as above, may be waived.

It is undisputed in the record that the trial court's 1984 final judgment and decree concerning custody, child support and division of property made no determination as to Villenueve's fitness as a parent in awarding Richbourg permanent custody of the minor child in the case sub judice, as such a finding was waived by the parties while represented by counsel. However, but for facts and circumstances adequate to support a finding of parental unfitness,[1] the trial court could not have awarded permanent custody to third party Richbourg. *Jefferson*, supra. Villenueve did not appeal. Under these circumstances, she cannot be heard to complain for denial of due process, as the requirement for the *Blackburn* finding of unfitness was waived from the outset and is res judicata as to the then existent facts. *Young v. Pearce*, 212 Ga. 722 (95 SE2d 671) (1956).

2. Villenueve also enumerates that the trial court erred in applying the standard of a material change of circumstances substantially affecting the welfare of the minor child where there has never been a finding of unfitness of the parent. Appellant further contends that the weight of the evidence and the best interest of the child require the return of custody to the mother. We disagree.

Where, as here, the roles of the parent and the third party custodial parent have reversed, conferring the prima facie right to custody upon the third party, "[t]he parent can regain custody upon showing by clear and convincing evidence his or her present fitness as a parent and that it is in the best interest of the child that custody be changed." *Durden*, supra. The uncontroverted evidence in this case is

---

[1] In denying the instant petition for change of custody the trial court found as fact that "[o]n March 5, 1984, upon evidence sufficient to support the court's decision in placing custody of the minor child in a third party, this Court entered an Order awarding custody of the minor child, Brandin Michelle Allen, to Defendant Marie (sic) Richbourg, the child's maternal (sic) great-grandmother."

that Richbourg has cared for the minor child since infancy; that the minor child is well provided for in a stable environment; and that the minor child is currently enrolled in the gifted academic program at school and is without behavioral problems. Richbourg, age 77, is in good health, drives, gets the minor child to medical and dental appointments, cleans the household, is otherwise able to care for the needs of the child, and enjoys the support[2] of the child's father, Allen, and the child's paternal grandmother, Judy Allen Milford, both of whom live in the Savannah area in the vicinity of Richbourg.

The evidence offered by Villenueve indicates that she has matured and is better able to care for the child than when custody was originally awarded. In this regard, Villenueve has obtained an associate degree in nursing since the time of the divorce. She is currently employed as a nurse, has been married for three and a half years, and owns a home. Additionally, Villenueve's husband has covered the minor child under the major hospitalization policy provided by his employer. These facts do not establish a change in conditions materially affecting the best interest and welfare of the child, nor do they necessarily establish that the best interest of the child requires a change in custody. *Durden*, supra. The discretion of the trial court will not be disturbed absent a manifest abuse which is not present here. See also *Pearce*, supra. Accordingly, this enumeration of error is likewise without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 27, 1995.

*Linda J. Carter, Cletus W. Bergen II*, for appellant.
*Jones, Boykin & Associates, Harold J. Cronk*, for appellees.

---

[2] Although the 1984 divorce decree did not require Allen to pay support for the minor child, he has continuously provided Richbourg "odd-jobs" support and paid for the child's special needs; summer camp, spending money, etc. Milford visits Richbourg once or twice a week and sold Richbourg's residence to her.