### A96A0423. CARLEY v. LEWIS.
(472 SE2d 109)

JOHNSON, Judge.

In this case, we decide whether a parent's allegations as set forth in a petition to regain custody of a child from a third party were sufficient to survive a motion to dismiss for failure to state a claim upon which relief could be granted. We find that the petition was sufficient and therefore reverse the judgment of the trial court.

Constwilla Lewis intervened in a divorce action between her son and daughter-in-law, Barbara Carley, seeking custody of the couple's four-year-old daughter. The court in the divorce proceeding found

both parents unfit and awarded permanent custody of the child to Lewis, with Carley retaining visitation rights. Approximately eight months after the judgment was entered, Carley filed a petition for change of custody, alleging that there had been a change of condition in the child's environment which had adversely affected the child's emotional health. Specifically, Carley alleged that Lewis was harming the child emotionally by constantly accusing Carley of sexually abusing or allowing others to abuse the child and by attempting to deny Carley all contact with the child. Carley also alleged that she is the "most capable" person to care for the child and that it is in the child's best interest to be in her custody. Lewis moved to dismiss the petition based on failure to state a cause of action upon which relief could be granted. The trial court heard oral argument on the motion, but denied Carley's request to call witnesses to testify as to how the child's current home environment was harming her emotionally, how Carley's condition had changed, or how a change of custody would be in the best interest of the child. Carley was permitted to submit a psychologist's written report which contained findings that the child was suffering emotionally as a result of being placed in Lewis' home, that Carley maintained regular parenting responsibility on weekends and sometimes during the week, that Carley appeared to be a "good enough" parent, and that there was a strong emotional bond between the child and Carley. Although the psychologist was present at the hearing, he was not permitted to testify. The trial court granted Lewis' motion to dismiss, noting in its order that Carley failed to allege in the petition that she was no longer unfit. The court ruled that since no such allegation was made, the proof offered by Carley was not relevant and the claim not viable. We granted Carley's application for discretionary review of the trial court's dismissal of her petition.

In three enumerations, Carley argues that because her petition sufficiently alleges that a material adverse change occurred in the child's home environment while in Lewis' custody, that she was the most capable person to have custody, and the best interest of the child would be served by changing custody, the trial court erred in refusing to hear any evidence in support of her petition for change of custody and in ruling that the petition failed to set forth a cause of action. We agree.

Where a parent's right to custody of a child is lost to a third party, the parent can regain custody upon showing by clear and convincing evidence: (1) his or her present fitness as a parent and; (2) that it is in the best interest of the child that custody be changed. *Villenueve v. Richbourg*, 217 Ga. App. 354, 355 (1) (457 SE2d 821) (1995). In her petition, Carley specifically alleged that it would be in the child's best interest to be in her custody. Although she does not

use the phrase "present fitness" in her petition, she does allege that she is the "most capable" person to parent the child; "capable" has been defined as "having ability or fitness." Webster's New Intl. Dictionary (2nd ed. 1961).

Without a doubt, Carley's allegation that she is "capable" is general and conclusory. That it is conclusory, however, is not fatal to the petition. "While conclusions may not generally be used in affidavits to support or oppose summary judgment motions, conclusions may generally be pleaded under the Civil Practice Act. Under this 'notice' theory of pleading it is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states conclusions or facts." (Citations, punctuation and emphasis omitted.) *Holloway v. Dougherty County School System*, 157 Ga. App. 251, 254-255 (277 SE2d 251) (1981). The allegations in the petition to change custody were sufficient to give Lewis fair notice of Carley's claim.

"When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in [her] favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." (Citation and punctuation omitted.) *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 874 (463 SE2d 713) (1995). Construing the petition in the light most favorable to Carley, we cannot say that it is certain that she would not be entitled to relief under any state of provable facts. See *Morgan v. Ga. Vitrified Brick &c. Co.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49) (1990). Therefore, the trial court erred in dismissing the action for failure to state a claim. Carley is entitled to prove, if she can, such facts as would show that she is presently fit and that it is in the best interest of the child for her to regain custody. "The issue of child custody, especially where a child is taken from a natural parent, calls for judicial soul searching under the most difficult circumstances. Therefore, we cannot agree that an evidentiary hearing should be denied, and the trial court erred in so holding." *Durden v. Barron*, 155 Ga. App. 529, 530 (271 SE2d 667) (1980).

*Judgment reversed and case remanded. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 28, 1996.

*Harmon, Smith, Bridges & Wilbanks, Archer D. Smith III*, for appellant.

*Walter E. Van Heiningen*, for appellee.