## S00A0489. WADE v. WADE.
### (531 SE2d 103)

HUNSTEIN, Justice.

Appellant Jessica Wade and appellee Zackary Wade were married in 1996. Their son was born later that same year. In 1998, appellant filed an action for divorce and was granted temporary custody of the child, although the parties shared physical custody during the pendency of the divorce. At trial, both parties sought primary physical custody of their son but neither argued that the other was unfit. In support of their claims for custody, appellee alleged that appellant was involved in a relationship with another man, while appellant presented evidence that appellee was an excessive drinker and such drinking had endangered the child in the past. During trial, in response to appellant's objection, the court limited the cross-examination of the maternal grandfather and stated:

> I am not going to expand the custody consideration to grandparents. You may cross-examine him on any area of the parents' ability to provide for this child, but he won't be custodian under any circumstances and neither will [appellee's] parents, so I'm not going to allow that.

However, in its final judgment and decree of divorce the trial court found both appellant and appellee to be unfit and awarded custody of the child to the paternal grandparents. Appellant filed an application for appeal in this Court which we granted to consider whether the trial court erred in awarding custody of the parties' minor child to a third party based upon the trial court's findings that both parents

are unfit. Because the record does not support the trial court's finding that appellant is unfit, we reverse.[1]

1. In considering the question asked by this Court in granting the application, we must necessarily first determine whether the trial court erred in its finding that appellant, the natural mother, was unfit to receive custody of her child. See *Carvalho v. Lewis*, 247 Ga. 94 (274 SE2d 471) (1981). A parent is entitled to the custody of her child in preference to a third party unless it is shown by clear and convincing evidence that the parent is unfit. *Blackburn v. Blackburn*, 249 Ga. 689, 692 (2) (292 SE2d 821) (1982). Similarly, the appropriate standard of appellate review in a case such as this where a parent has been determined to be unfit is whether there was clear and convincing evidence of the parent's unfitness. Id. at 694 (2). This standard of review "safeguards the high value society places on the integrity of the family unit and helps eliminate the risk that a factfinder might base [its] determination 'on a few isolated instances of unusual conduct (or) . . . idiosyncratic behavior.' [Cit.]" Id.

Reviewing the record evidence and applying the appropriate standard of review, we do not find clear and convincing evidence sufficient to enable a rational trier of fact to conclude that appellant is unfit. A determination of unfitness must center solely on the parent's ability to provide for the child in a manner sufficient to preclude the need for governmental intervention. *Carvalho*, supra at 95. In determining fitness, a court is not allowed to terminate a parent's natural right to custody because it finds that the child might have better financial, educational or even moral advantages elsewhere, and the parent's ability to raise her child may not be compared to the fitness of a third person. Id. at 95; *Blackburn*, supra at 694. The only evidence upon which the trial court based its finding of appellant's unfitness was that several months after the parties' separation appellant moved to Savannah to complete her college education and thereafter began a relationship with another man. Finding that such behavior reflected negatively on the quality of appellant's parenting ability, the court looked favorably upon the paternal grandmother, who had cared for the child in the past and had involved the child in "wholesome activities." The record is completely devoid of any allegation or evidence that appellant lacked proper parenting skills or that the child was not being properly cared for in a safe and loving environment. In fact, every witness questioned at trial about appellant's fitness as a parent, including appellee, testified that she is a good mother. In light of this overwhelming evidence, we hold the trial

---

[1] We do not address in this appeal the trial court's determination of unfitness regarding appellee, the child's natural father, as that ruling has not been appealed.

court erred in finding appellant unfit to receive custody and severing her right to custody of the child.

2. Because the trial court erred in severing appellant's right to custody of her child and awarding custody to a third party, we need not address whether the trial court improperly deprived appellant of the opportunity to litigate the question of custody in this case.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 30, 2000 —
RECONSIDERATION DENIED JUNE 30, 2000.

*Walters, Davis & Pujadas, J. Harvey Davis, Davis, Matthews & Quigley, Richard W. Schiffman, Jr.*, for appellant.

*Roberts, Roberts & Ingram, Guy V. Roberts, Jr.*, for appellee.