### A10A1972. PRICE v. WINGO et al.
(701 SE2d 904)

JOHNSON, Judge.

Dennis and Allison Price were divorced in 2008. The final divorce decree awarded custody of the couple's then two-year-old son, H. P., to the maternal grandparents, Ronald and Dana Wingo. Ten months later, Dennis Price (hereinafter, "Price") filed the instant action to change custody, claiming that he has remarried and can now provide a stable home life for the child. After a final hearing, the trial court denied Price's request for a modification of child custody and ordered that H. P. remain with the grandparents. Price appeals.

As Price acknowledges, this case is controlled by *Durden v. Barron*,[1] which provides:

> Once a third party has been awarded permanent custody of a child in a court proceeding to which a parent was a party, the roles of the parent and the third party reverse; that is, the third party now has the prima facie right to custody as against the parent who has lost the right to custody. The parent can regain custody upon showing by clear and convincing evidence his or her present fitness as a parent and that it is in the best interest of the child that custody be changed.[2]

Here, the trial court found that Price had satisfied the first prong of the *Durden* test, by showing clear and convincing evidence of his present fitness as a parent. However, the trial court also

---

[1] 249 Ga. 686 (2) (294 SE2d 664) (1982).

[2] Id.

concluded that Price had failed to show by clear and convincing evidence that a change of custody is in the child's best interest, noting that the primary change of circumstances is Price's short-lived remarriage.

Price relies on *Mallette v. Mallette*[3] to argue that the trial court erred in considering evidence related to matters that transpired prior to the 2008 custody award, including testimony about Price's two prior marriages. Price's reliance on *Mallette* is misplaced. That case, which involved a change of custody dispute between divorced parents, held that since the issue of fitness concerned present fitness, the conduct of the parents before the divorce was immaterial and evidence as to unfitness had to be confined to matters transpiring subsequent to the divorce.[4]

In this case, the trial court did not improperly consider Price's conduct prior to the 2008 custody award in determining his present fitness. Rather, it considered those prior matters, including the brief duration of his two previous marriages, in making its determination as to the best interest of the child. Such considerations were appropriate since, "[i]n determining the best interests of the child, the judge may consider *any relevant factor*[.]"[5] Those relevant factors include the importance of continuity in the child's life, the stability of the family unit of the parents, and each parent's past performance of parenting responsibilities.[6] In considering these factors and in deciding whether Price's new marriage of short duration constituted such a change in condition that a modification of custody is in H. P.'s best interest, the trial court was authorized to take into account the short duration of Price's two previous marriages. Moreover, we note that even if the trial court improperly considered evidence of Price's conduct prior to the custody award in determining the issue of present fitness, such error was harmless since, as stated above, the trial court found that Price showed clear and convincing evidence of his present parental fitness.

The mere fact of Price's remarriage does not "necessarily establish [by clear and convincing evidence] that the best interest of the child requires a change in custody. [Cit.] The discretion of the trial court will not be disturbed absent a manifest abuse which is not present here. [Cit.]"[7] Accordingly, the judgment of the trial court must be affirmed.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

---

[3] 220 Ga. 401 (139 SE2d 322) (1964).

[4] Id. at 402-403 (1).

[5] (Emphasis supplied.) OCGA § 19-9-3 (a) (3).

[6] OCGA § 19-9-3 (a) (3) (G), (H), (M).

[7] *Villenueve v. Richbourg*, 217 Ga. App. 354, 356 (2) (457 SE2d 821) (1995).

DECIDED SEPTEMBER 30, 2010.

*Howard C. Kaufold, Jr.*, for appellant.

*Shaffer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond*, for appellees.