**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A1655. FLOYD v. GIBSON.                                    DO-084

DOYLE, Presiding Judge.

Shannon Lee Floyd ("the father") appeals the superior court's denial of his motion for new trial following the entry of a final order awarding custody of his children to Sherry Anne Gibson, the children's maternal grandmother ("the grandmother"). Floyd argues that the trial court applied the incorrect standard and that the evidence did not support the court's custody determination. For the reasons that follow, we vacate the judgment and remand the case for reconsideration.

The record shows that the father and mother, who never married, have three minor children. In May 2013, the Hart County Department of Family and Children Services ("DFCS") removed the children from the custody of their mother and placed them with the grandmother following the mother's drug overdose. On May 14, 2013,

the grandmother filed the instant petition for custody of the children. On July 12, 2013, the father, who had not legitimated the children, answered and filed a counterclaim for custody.[1] On July 17, 2013, following a hearing, the trial court awarded temporary custody to the grandmother. On September 17, 2013, the court entered an order legitimating the children. Following a custody hearing and briefing by the parties, the trial court awarded custody to the grandmother on November 5, 2013. The father filed a motion for new trial, which was denied, and this appeal followed.

1. The father argues that the trial court failed to apply the proper standard in determining custody.

In Georgia,

> a parent has a right of custody to h[is] child[ren] in preference to a third party unless there is clear and convincing evidence that the parent is unfit. The focus of such a determination of unfitness must be the parent's ability to provide for the child[ren] in a manner sufficient to preclude the need for an entity of the government to intervene and separate the child[ren] from the parent, and a court is not permitted to terminate a parent's natural right to custody merely because it believes

---

[1] The mother did not seek custody of the children, and she testified at the final hearing that she did not believe that the children should live with her.

that the child[ren] might have better financial, educational[,] or moral advantages elsewhere, that is, the parent's ability to raise h[is] child[ren] is not to be compared to the fitness of a third person.[2]

OCGA § 19-7-1 (b.1), which governs custodial disputes between a parent and certain third-party relatives, establishes "a rebuttable presumption that it is in the best interest of the . . . children for custody to be awarded to the . . . parents of such child." In *Clark v. Wade*,[3] a plurality decision, the Supreme Court of Georgia concluded that there are three presumptions implicit in the statute: "(1) the parent is a fit person entitled to custody, (2) a fit parent acts in the best interest of his or her child[ren], and (3) the child[ren]'s best interest is to be in the custody of a parent."[4]

Under OCGA § 19-7-1 (b.1), a parent may lose custody of his children to certain relatives only "if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the

---

[2] (Citation omitted.) *Harris v. Snelgrove*, 290 Ga. 181, 182 (2) (718 SE2d 300) (2011), citing *Wade v. Wade*, 272 Ga. 526, 527 (1) (531 SE2d 103) (2000).

[3] 273 Ga. 587 (544 SE2d 99) (2001).

[4] Id. at 593 (II).

. . . children and will best promote their welfare and happiness." In *Clark*, the Supreme Court

> interpret[ed] the "best-interest-of-the-child" standard in OCGA § 19-7-1 (b.1) as requiring the third party to show that parental custody would harm the child[ren] to rebut the statutory presumption in favor of the parent. Once this presumption is overcome, the third party must show that an award of custody to him or her will best promote the child[ren]'s health, welfare, and happiness.[5]

The Court further held, however, that "[b]y harm, we mean either *physical harm or significant, long-term emotional harm*; we do not mean merely social or economic disadvantages."[6] The *Clark* Court also established four factors that trial courts should apply in considering the issues of custody and harm:

> (1) who are the past and present caretakers of the child[ren]; (2) with whom ha[ve] the child[ren] formed psychological bonds and how strong are those bonds; (3) have the competing parties evidenced interest in, and contact with, the child[ren] over time; (4) [do] the child[ren] have unique medical or psychological needs that one party is better able to meet.[7]

---

[5] Id. at 598 (IV).

[6] (Emphasis supplied.) Id.

[7] (Footnotes omitted.) Id. at 598-599 (IV).

In the final order in the instant case, the trial court stated that it applied the following standard: "For [the grandmother] to be awarded custody, she must show by clear and convincing evidence that harm would result to the children if they live with their father . . . and that the best interests of the children are realized by living with [the grandmother]." The order contained the trial court's factual findings regarding "the failings of the [p]arents since the births of the children"[8] and the grandmother's ability to properly care for the children, and then concluded that "[the grandmother] shall be and is declared to be the physical and legal custodian of [the children]."[9]

Although implicit in the trial court's order – based upon its ruling and the recitation of the standard – is a finding that the children would suffer harm in the custody of the father, it is not apparent whether the trial court made the requisite determination that the children would suffer "either physical harm or significant,

---

[8] Among other factual findings, the trial court concluded that the father refused to admit his drug addiction or to seek help for it, sold drugs in the presence of the children, was violent to the mother in the presence of the children, and refused to communicate with the grandmother regarding the children or visitation.

[9] The trial court entered a subsequent order, which established a parenting plan providing a visitation schedule for the father.

long-term emotional harm" as required by *Clark*.[10] Similarly, it is also unclear whether the trial court considered the four factors set forth in *Clark* with regard to custody determinations in cases in which certain third-party relatives seek custody from parents.[11] Accordingly, we vacate the trial court's judgment and remand the case for reconsideration consistent with this opinion.[12]

2. In light of our holding in Division 1, we need not address the father's remaining enumerations.

---

[10] Id. at 598 (IV). Although there was no factual finding of physical harm to the children, the trial court noted that the father's physical violence against the mother caused the children "emotional harm," which "acts alone justify awarding custody to [the grandmother]."

[11] See id. at 598-599 (IV).

[12] See *Lopez v. Olson*, 314 Ga. App. 533, 541-542 (3) (724 SE2d 837) (2012); *Galtieri v. O'Dell*, 295 Ga. App. 797, 798-799 (673 SE2d 300) (2009) (vacating order awarding custody to the grandmother and remanding case because "[t]he record does not contain a transcript of the evidentiary hearing, and the trial court's order failed to make any factual findings that [the father] was unfit as a parent or that the child may suffer physical or long-term emotional harm in the custody of her father"); *Burke v. King*, 254 Ga. App. 351, 354 (562 SE2d 271) (2002) (vacating order awarding custody to the child's aunt and remanding case because of "the inconsistency between the two [custody] orders, the absence of any finding of [the father's] parental unfitness, and the absence of a finding supported by specific facts that establish by clear and convincing evidence that [the child] will suffer physical harm or significant, long-term emotional harm").

*Judgment vacated and case remanded. Dillard, J concurs. Miller, J., concurs in judgment only.*